UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHEL MCDONALD, | No. 2:21-cv-1561 KJM DB PS |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF MOTOR VEHICLES IN SACRAMENTO COUNTY, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff Mitchel McDonald is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for extension of time to file an amended complaint, an amended complaint, a request to remove the undersigned from this action, and a request to appoint a special master.[1] (ECF Nos. 2, 5-8.) The amended complaint alleges that the defendant discriminated against plaintiff by enacting policies in response to the COVID-19 pandemic.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

---

[1] Plaintiff's motion for an extension of time to file an amended complaint will be granted *nunc pro tunc*.

1

1  2000) (en banc).  Here, the undersigned finds that plaintiff's amended complaint is deficient.

2  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's

3  amended complaint be dismissed without further leave to amend.

4  **I.        Plaintiff's Application to Proceed In Forma Pauperis**

5  Plaintiff's in forma pauperis application makes the financial showing required by 28

6  U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

7  pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

8  leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

9  complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

10 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

11 Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

12 Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

13 IFP because it appears from the face of the amended complaint that McGee's action is frivolous

14 or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

15 District Court to examine any application for leave to proceed in forma pauperis to determine

16 whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

17 the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

18 Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

19 poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

20 state a claim on which relief may be granted, or seeks monetary relief against an immune

21 defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

22 arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

23 Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

24 complaint as frivolous where it is based on an indisputably meritless legal theory or where the

25 factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

26 To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

27 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

28 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

1 true the material allegations in the complaint and construes the allegations in the light most

2 favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

3 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

4 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

5 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

6 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

7 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

8   The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

12 Fed. R. Civ. P. 8(a).

13 **II.   Plaintiff's Amended Complaint**

14   Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim

15 showing that plaintiff is entitled to relief. In this regard, the amended complaint alleges that

16 plaintiff "is a qualified individual with a disability" and an employee of the defendant, working at

17 an office in Sacramento, California. (Am. Compl. (ECF No. 1) at 2, 5.) The amended complaint

18 alleges that the defendant "regards plaintiff as having a disability" because defendant enacted

19 policies in response to COVID-19 and that such policies discriminated against plaintiff. (Id.)

20   "Congress enacted the ADA 'to provide clear, strong, consistent, enforceable standards

21 addressing discrimination against individuals with disabilities.'" Arizona ex rel. Goddard v.

22 Harkins Amusement Enterprises, Inc., 603 F.3d 666, 669 (9th Cir. 2010) (quoting 42 U.S.C. §

23 12101(b)(2)). Pursuant to the ADA:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

27 42 U.S.C. § 12112(a).

28 ////

"A person is 'regarded as' having a disability 'if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" Scott v. Napolitano, 717 F.Supp.2d 1071, 1086 (S.D. Cal. 2010) (quoting 42 U.S.C. § 12102(3)(A)). Here, the amended complaint fails to allege that defendant discriminated against plaint or subjected plaintiff to a prohibited action.

In this regard, the amended complaint asks the court to "take judicial notice" of mortality rates to establish that there is "no verifiable [COVID-19] pandemic.'" (Am. Compl. (ECF No. 6) at 10.) However, "[s]ince its detection in late 2019, the outbreak of SARS-CoV-2 (COVID-19) has metamorphosized into the deadliest worldwide pandemic since the 1918 outbreak of Spanish flu." Brox v. Hole, --- F. Supp.3d ---, 2022 WL 715566, at *1 (D. Mass. Mar. 10, 2022). The pandemic "has caused the deaths of over six million persons worldwide[.]" (Id.) As of December 22, 2020, in California alone there had "been nearly 1.9 million cases and nearly 23,000 deaths." Disbar Corporation v. Newsom, 508 F.Supp.3d 747, 750 (E.D. Cal. 2020). The Supreme Court has recognized that "[s]temming the spread of COVID-19 is unquestionably a compelling state interest[.]" Roman Catholic Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (U.S. 2020).

According to the amended complaint, defendant's discriminatory conduct included promoting vaccination, which the amended complaint refers to as an "injection process." (Am. Compl. (ECF No. 6) at 11.) With respect to the "injection process," the amended complaint asserts that "the injections which are being promoted as 'vaccines' do not prevent transmission or infection of any contagious disease," and that "no vaccines that have been approved by the Food & Drug Administration are commercially available to plaintiff, or are yet in production." (Id. at 12, 14.)

> It is a matter of utmost urgency that these dangerous and fallacious assertions be laid to rest. The CDC has determined – and no responsible world health organization or scientific body disagrees – that the COVID-19 vaccines are safe and effective against the virus and its variants, especially in protecting against severe illness, hospitalization, and death. The danger to the public is not the vaccine but persons who . . . insist on behaviors that endanger all those with

4

> whom they have contact. Although perhaps wrongly attributed to the great Justice Holmes, there is Holmesian wisdom in the adage that "your liberty to swing your fist ends where my nose begins."

Brox, 2022 WL 715566, at *7.

Moreover, the amended complaint acknowledges that defendant's employer mandated policies also included "getting tested weekly," and "wearing a mask[.]" (Am. Compl. (ECF No. 6) at 11.) Attached to the amended complaint as Exhibit A is an April 21, 2021, "Record of Discussion," explaining that plaintiff was being disciplined for "refusing to . . . wear a face covering," in violation of defendant's "Mandatory Face Coverings Memorandum," issued January 4, 2021, in response to regulations issued by the California Occupational Safety and Health Administration. (Id. at 48.)

The amended complaint asserts that the defendant employer's "policies are illegal because they are discriminatory and constitute adverse employment actions." (Id. at 12.) And that defendant's "limited . . . . accommodation measures, such as examinations, disclosures of medical records . . . experimental injections, medical interventions, equipment or products," were insufficient because they were "only those chose by the defendant." (Id. at 23.)

The amended complaint, however, fails to establish that an employer mandated masking policy is either discriminatory, constitutes an adverse employment action, or is in any way unlawful. See generally Klaassen v. Trustees of Indiana University, 7 F.4th 592, 593 (7th Cir. 2021) ("These plaintiffs just need to wear masks and be tested, requirements that are not constitutionally problematic."); Burcham v. City of Los Angeles, --- F. Supp.3d ---, 2022 WL 99863, at *6 (C.D. Cal. Jan. 7, 2022) ("Plaintiffs fail to state a claim that the City's weekly testing requirement violates the Fourth Amendment"); Troogstad v. City of Chicago, --- F. Supp.3d ---, 2021 WL 5505542, at *5 (N.D. Ill. Nov. 24, 2021) ("Because the exigencies of the current pandemic justify the degree of intrusion at issue here, Plaintiffs have not demonstrated that Defendants' vaccine and testing policies infringe a fundamental constitutional right."); Valdez v. Grisham, 559 F.Supp.3d 1161 (D. N.M. 2021) ("federal courts have consistently held that vaccine mandates do not implicate a fundamental right"). "'[T]he ADA does not provide a blanket exemption to people with disabilities from complying with legitimate safety requirements

necessary for safe operations.'" Warner v. Delano, Case No. 21-cv-05666 HSG, 2021 WL 5507160, at *2 (N.D. Cal. Nov. 24, 2021) (quoting DEPARTMENT OF JUSTICE OFFICE OF PUBLIC AFFAIRS, *The Department of Justice Warns of Inaccurate Flyers and Postings Regarding the Use of Face Masks and the Americans with Disabilities Act*, https://www.justice.gov/opa/pr/department-justice-warns-inaccurate-flyers-and-postings-regarding-use-face-masks-and (last accessed May 5, 2022)).

**II.     Further Leave to Amend**

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiff's inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

**III.    Motion to Appoint a Special Master[2]**

On April 27, 2022, plaintiff filed a motion to appoint a special master in this action. (ECF No. 8.) Appointment of a special master is appropriate, plaintiff argues, because "the court seeks to impose the same illegal polices as the defendant in this case," and "is also receiving disaster relief compensation and subsidies for practicing these illegal policies[.]" (Id. at 1.)

Rule 53 of the Federal Rules of Civil Procedure permits the court to "appoint a master," in part to "hold trial proceedings," if "some exceptional condition," warrants such an appointment. Fed. R. Civ. P. 53 (a)(1). "Reference to a master 'shall be the exception and not the rule' and, 'save in matters of account and of difficult computation of damages, . . . shall be made only upon a showing that some exceptional condition requires it.'" Burlington Northern R. Co. v.

---

[2] Plaintiff has also filed a motion to have the undersigned "removed from this case[.]" (ECF No. 7 at 2.) That motion, however, has been directed to the assigned District Judge.

Department of Revenue of State of Wash., 934 F.2d 1064, 1071 (9th Cir. 1991) (quoting Fed. R. Civ. P. 53(b)).

Here, plaintiff has failed to submit a complaint which states a viable claim for relief and has failed to show any exceptional condition requires the appointment of a special master. The undersigned, therefore, recommends that plaintiff's motion to appoint a special master be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 30, 2021 motion for an extension of time (ECF No. 5) is granted *nunc pro tunc*.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 31, 2021 application to proceed in forma pauperis (ECF No. 3) be denied;

2. Plaintiff's December 7, 2021 amended complaint (ECF No. 6) be dismissed without further leave to amend;

3. Plaintiff's April 27, 2022 motion to appoint a special master (ECF No. 8) be denied; and

4. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 8, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mcdonald1561.dism.f&rs

7