UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHEL MCDONALD, | No. 2:21-cv-1561 KJM DP PS |
| Plaintiff, | ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF MOTOR VEHICLES IN SACRAMENTO COUNTY, | |
| Defendants. | |

On September 21, 2022, this court adopted the magistrate judge's findings and recommendations and dismissed plaintiff McDonald's complaint and request to proceed *in forma pauperis* ("IFP"). McDonald then filed a notice of appeal, ECF No. 15, and asks this court again to proceed IFP. ECF No. 19. This court construes movant's motion as a request to proceed IFP on appeal, as dictated by Federal Rule of Appellate Procedure 24. Fed. R. App. P. 24. For reasons provided below, the court **denies** plaintiff's motion.

Under Rule 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The motion must be accompanied by an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix

1

of Forms the party's inability to pay or to give security for fees or costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.*

Under 28 U.S.C. § 1915, the IFP statute, the court may waive filing fees for a plaintiff who cannot afford the payment, provided the suit is not frivolous or malicious. *See* 28 U.S.C. § 1915(a); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). The statute does not delineate when someone is unable to pay the fee, but the Supreme Court has made clear that one need not "be absolutely destitute to enjoy the benefit of the statute." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although the plaintiff seeking IFP status must allege indigence "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation and internal quotation marks omitted), a sworn statement that the plaintiff cannot pay court costs while still affording the necessities of life generally suffices, *Adkins*, 335 U.S. at 339.

Here, plaintiff has provided only a partially complete IFP application. Additionally, plaintiff gives this court no reason to reconsider its previous decision, finding plaintiff's complaint frivolous. ECF Nos. 9, 12. Accordingly, plaintiff's motion is DENIED without prejudice to renewing his request before the circuit court.

This order resolves ECF No. 19.

IT IS SO ORDERED.

DATED: November 29, 2022.

CHIEF UNITED STATES DISTRICT JUDGE